IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES KIRK CAMPBELL,
ADC #79909                                                                                          PLAINTIFF

V.                                              4:15CV00027-BRW

JOHN FELTS, et al.                                                                              DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff Campbell, a state inmate confined at the Tucker Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, alleging Defendants violated his due process rights during the process of revoking his parole. Plaintiff seeks damages from Defendants.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

**I.    Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.

1

Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

To survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id. at 556-7.

**II.     Facts and Analysis**

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F. Supp. 1114, 1118 (E.D. Mo. 1993).   However, Plaintiff's monetary claims against Defendants should be dismissed based on absolute immunity.  Although Plaintiff admits violating certain conditions of his parole by using marijuana, benzodiaxopines, and alcohol, he claims Norsworthy, his parole officer, intentionally falsified an arrest warrant because Plaintiff refused to sign paperwork requiring him to wear a GPS monitor.  (Doc. No. 2, pp. 5-6)  He also claims that her supervisor, Defendant Knoll, failed to act on his complaints concerning the irregularities of the

arrest warrant, and should have given him the opportunity to waive his rights to a hearing and instead, attend a technical violator program. (Id. pp. 10-11) Finally, Defendant Bohannan failed to timely conduct the revocation hearing and was biased during the proceedings, and Defendant Felts failed to reverse Bohannan's decision. (Id., pp. 5, 15)

However, Plaintiff cannot pursue damages claims against these Defendants because they are "absolutely immune from suits challenging conduct intimately associated with the criminal judicial process." Morgan v. McKinney, Civil No. 1:10-cv-01041, 2010 WL 3927492 (W.D. Ark.), citing Copus v. City of Edgerton, 151 F.3d 646, 649 (8th Cir. 1998).  This immunity applies also to hearing officers and parole officers who prepare reports and recommendations. Barnett v. Arkansas Board of Parole, No. 4:11-cv-000533-JMM, 2011 WL 5857124 (E.D. Ark.). The conduct of Defendants Norsworthy and Knoll in preparing the paperwork for the parole violation and subsequent hearing is part of that judicial process. See Anton v. Getty, 78 F.3d 393, 396 (8th Cir. 1996), where the court held that parole officers are entitled to absolute immunity when drawing conclusions and making recommendations bearing a close connection to the parole revocation decision.  And, the actions of Defendants Bohannan and Felts in conducting and reviewing the hearing also are intimately associated with the criminal judicial process.

In addition, a claim for damages based on these allegations cannot be pursued in an action filed pursuant to 42 U.S.C. § 1983, unless his conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court, as set forth in Heck v. Humphrey, 512 U.S. 477, 486-7 (1994).  See also Abdullah v. Minnesota, 261 Fed. Appx. 926, 927, 2008 WL 283693 (8th Cir. 2008).

**III.    Conclusion**

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Complaint against Defendants is DISMISSED with prejudice for failure to state a claim.

2. Dismissal of this action constitutes a "strike" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).[1]

3. The Court certifies that an in forma pauperis appeal from this Memorandum and Order and accompanying Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 29th day of January, 2015.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.